IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LYTONE ENTERPRISE, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 20-678-LPS-SRF |
| AGROFRESH SOLUTIONS, INC., | : |
| Defendant. | : |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Fallon issued a 12-page Report and Recommendation (the "Report") (D.I. 15), dated February 12, 2021, recommending that Defendant AgroFresh Solutions, Inc.'s ("Defendant" or "AgroFresh") motion to dismiss (D.I. 9) Plaintiff Lytone Enterprise, Inc.'s ("Plaintiff" or "Lytone") claims for direct, induced, and willful infringement of U.S. Patent No. 6,897,185 ("the '185 patent") be denied;

WHEREAS, on February 26, 2021, AgroFresh objected to the Report ("Objections") (D.I. 16), specifically objecting to the Report's conclusions that Lytone adequately alleged that AgroFresh (1) knowingly induced infringement; (2) possessed the specific intent to induce infringement; and (3) willfully infringed;

WHEREAS, on March 12, 2021, Lytone responded to AgroFresh's Objections ("Response") (D.I. 18), asserting that the Report correctly found that the complaint met the applicable pleading standards and sufficiently alleged facts to show that the claims of induced and willful infringement are plausible;

WHEREAS, the Court has considered the parties' objections and responses *de novo*, *see* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011);

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. AgroFresh's Objections (D.I. 16) are **OVERRULED**, Judge Fallon's Report (D.I. 15) is **ADOPTED**, and AgroFresh's motion to dismiss (D.I. 9) is **DENIED**.

2. AgroFresh has withdrawn its motion to dismiss Lytone's direct infringement allegations. (D.I. 15 at 4; *see also* D.I. 18 at 2) There is no objection to the Report's recommendation that this portion of the motion be denied.

3. As to the claim for induced infringement,[1] AgroFresh objects to the Report's conclusion that Lytone has set forth plausible allegations permitting a reasonable inference that AgroFresh intended to induce acts of infringement. (*See* D.I. 16 at 2-7)[2] In the view of AgroFresh, the Report endorses too broad a notion of inducement. In particular, AgroFresh writes: "As all defendants can generally be understood to have knowledge of their own products' composition, the R&R effectively finds that alleging a defendant's knowledge of the patent-in-suit and provision of instructions concerning the use of defendant's own products to others, without more, is sufficient to plead inducement." (*Id.* at 3)

---

[1] "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended [another party] to infringe [the patent] and knew that the [other party's] acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal quotation marks omitted); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

[2] AgroFresh does not object to the Report's conclusion that Lytone adequately alleges pre-suit knowledge of the '185 patent, based on at least AgroFresh's listing of the '185 patent in its own 2017 IDS. (*See* D.I. 15 at 6; D.I. 16 at 1; D.I. 18 at 2)

2

4. In fact, in finding Lytone's allegations of knowledge of infringement and specific intent sufficient, the Report points to language in the complaint alleging that "AgroFresh supplied users with instructions, documentation, and marketing materials that instructed them how to use AgroFresh's Accused Products with knowledge that usage in accordance with [its] instructions infringed at least claim 1 of the '185 patent." (D.I. 15 at 9) (citing D.I. ¶ 24) The Report goes on to observe that this knowledge can be gleaned from AgroFresh's Safety Data Sheets, attached to the complaint, which "outline the composition, ingredients, and physical and chemical properties" of the accused tablets, and which the complaint alleges reveal a close overlap between the elements of the '185 patent and those of AgroFresh's accused products. (*See id.* (citing D.I. 1 ¶ 21 Ex. 7 at 10-11, 13, 28-29, 31); *see also* D.I. 1 ¶¶ 11-13, 15, 21 & Exs. 3-4; *3Shape A/S v. Align Tech., Inc.*, 2019 WL 1416466, at *2 (D. Del. Mar. 29, 2019) (holding that knowledge of infringement can be inferred based on surrounding context)) The Report adds, as well, that the complaint further alleges: (1) AgroFresh, a wholly owned subsidiary of Rohm and Haas, was formed in the 1990s to assume responsibility for its 1-MCP products, which is the type of product covered by Lytone's '185 patent; (2) Lytone disclosed its effervescent 1-MCP tablet invention to Rohm and Haas pursuant to a non-disclosure agreement in 2000; and (3) Rohm and Haas subsequently filed a provisional patent application mirroring the substance of the '185 patent. (D.I. 15 at 7-8) Moreover, the complaint identifies four patent applications filed by either Rohm and Haas or AgroFresh that identified the '185 patent (sometimes among only two or four patents) during prosecution. (D.I. 1 ¶ 15 Exs. 3-6) At the pleadings stage, where the concern is with the adequacy of the pleadings and not the evidence, the Court agrees with the Report that Lytone's complaint is sufficient.

3

5.      The Court's conclusion is supported by cases from the Federal Circuit and this district. For example, in *Telecomm Innovations, LLC v. Ricoh Co.*, this Court found an inducement claim to be adequately pled where the complaint specified that the defendants provided technical support and instructions, "knowing such acts would cause infringement." 966 F. Supp. 2d 390, 395 (D. Del. 2013). *See also Lifetime Indus.*, 869 F.3d at 1380 (finding inducement claim adequate where complaint alleged defendant provided directions to third party regarding installation of accused product and had knowledge of patent-in-suit, its scope, and products covered thereby); *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 471 (D. Del. 2016) (finding claim sufficient where allegations included that defendant distributed promotional and educational materials and system was used in infringing manner by third party).

6.      The Court has considered the different cases relied on by AgroFresh and they do not change the Court's conclusion. None are binding and many (if not all) are distinguishable. For instance, in *Dynamic Data Technologies v. Google LLC*, 2020 WL 1285852 (D. Del. Mar. 18, 2020), the Court found the allegations conclusory and expressed doubt as to whether the complaint even adequately alleged pre-suit knowledge of the patents-in-suit. Here, the Court does not find the pertinent allegations to be merely conclusory, and it is now effectively undisputed that pre-suit knowledge is adequately pled. (*See, e.g.*, D.I. 1 ¶¶ 12-13, 15, 21, 24-26) In *Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, 2013 WL 6058472, at *1 n.5 (D. Del. Nov. 18, 2013), the Court found the complaint deficient where it did not adequately plead that the defendant knew its customers' use of the accused products infringed, a failing the Court has not found in the instant complaint (*see, e.g.*, D.I. 1 ¶¶ 24, 26) (alleging AgroFresh had "knowledge that usage [of accused products] . . . infringed" and "knew or should have known that the actions of" its customers directly infringed). *See also Helios Streaming, LLC v. Vudu,*

*Inc.*, 2020 WL 2332045, at *7-8 (D. Del. May 11, 2020) (finding generic allegations that defendant "distribut[ed]" accused products and provided related "unspecified materials and/or services" fell short of suggesting defendant encouraged infringement or "provided [customers] with instructions on how to use the accused products in an infringing manner"); *Uniloc USA, Inc. v. Logitech, Inc.*, 2018 WL 6025597, at *2 (N.D. Cal. Nov. 17, 2018) (concluding complaint alleging defendant instructed its customers to use accused devices in infringing manner could not survive due to its "fundamental failure to allege [defendant's] knowledge of customers' infringing conduct"); *Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1198-99 (S.D. Cal. 2013) (dismissing inducement claim where allegations were conclusory and pre-suit notice letter failed to "identify any accused device, much less tie any allegedly infringing features or designs to any particular patent").

7. AgroFresh contends that the Report's "willfulness conclusions [are] deficient for the same reasons" as its inducement analysis. (D.I. 16 at 2) Both parties agree that the Court's resolution of the challenge to the willfulness claim should rise or fall with its decision on induced infringement. (*See id.* at 7; D.I. 18 at 5) Accordingly, the Court's analysis above applies as well to Lytone's willfulness claim, which is adequately pled.

March 26, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE